**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELANIE C. LATRONICA, | ) | 1:09cv1162 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED, JOHN D. KIRIHARA, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant civil rights action on July 6, 2009. She names Merced County Superior Court Judge John D. Kirihara as a defendant.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Allegations

Although Plaintiff's complaint is not entirely clear, she appears to take issue with a decision by Judge Kirihara declaring Plaintiff a vexatious litigant in Merced County Superior Court.[1] Complaint, pp. 1, 8. The remainder of Plaintiff's complaint consists of unrelated,

---

[1] The exhibits attached to the Complaint include the following: (1) An Order from the Superior Court of California, County of Merced, dated September 11, 2007, and effective through September 11, 2008, finding "Melanie August" a vexatious litigant and requiring her to obtain leave of the presiding judge before filing any new action in Merced County Superior Court. The Order is signed by Superior Court Judge Ronald W. Hansen; and (2) An Order from the Superior Court of California, County of Merced, dated January 6, 2009, finding "Melanie August aka Melanie Latronica" a vexatious litigant and requiring her to obtain leave of the presiding judge before filing any new action in Merced County Superior Court. The Order is signed by Superior Court Judge Ronald W. Hansen and

fanciful and/or frivolous statements and allegations. For example, she contends that Judge Kirihara had people harassing her, stalking her, making comments, tampering with her car, flattening her car tires, making her car smell like gas and "had government jet planes leave exhaust lines in the sky." Complaint, p. 5. She further claims Judge Kirihara "had a Chinese dentist drill holes in [her] good teeth and then...filled with a metallic substance." Complaint, p. 6. She asserts that Judge Kirihara, "his county, and his court house" are allegedly guilty of mass fraud, mayhem, false imprisonment, kidnaping, mass violation "at all forms of Employment like WAL-MART," conspiracy, assault and battery, mass bodily injury "with many unauthorized procedures," hate crimes "on a daily basis from wicked people that [she has] never met," illegal technical stalking and programming "dodododododododod so loud that a person standing next to [her] can hear," invasion of privacy, civil and human rights violation and illegal slavery at "places of employment." Complaint, p. 3.

Additionally, Plaintiff claims there is a "walkie talkie device" in her stomach and she is a victim of cybernetics. Complaint, pp. 1, 4, 8. She includes allegations related to childhood events, allegations that she was kidnaped and set up to be murdered at the Merced County Marie Green Facility in May 2002, allegations of an unauthorized tubal ligation, assertions of a violation of her "Baso Glanglia" in 1974 and 1982, allegations that her car was totaled the day before she planned to turn in papers against the Merced County District Attorney and allegations that her bike was constantly being assaulted before she moved. Complaint, pp. 4-5.

She also makes allegations such as, "All restaurants like Mc Donalds, tampered with my food and drink with sub-stances and bacteria's. Like glass cleaner in my coffee and a fowl smell and taste in my soda that made me so sick, that I went to the doctor for antibiotics." Complaint, p. 6. She further claims that Comcast takes "words like fox, great, grape, plus, and other words and turn them derogatory and vulgar." Complaint, p. 8.

Plaintiff does not clearly and succinctly state her claims, but seeks an injunction, damages and the arrest of Judge Kirihara. Complaint, pp. 3, 13.

---

indicates that it is to remain in effect indefinitely. Exhibits to Complaint, pp. 15, 16 (Doc. 1).

C. <u>Discussion</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services, 436 U.S. 658 (1978)</u>; <u>Rizzo v. Goode, 423 U.S. 362 (1976)</u>. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." <u>Id</u>. at 743-44.

  1. *Merced County Superior Court*

Insofar as Plaintiff names the Merced Country Superior Court as a Defendant, the court is not a "person" for purposes of section 1983. Accordingly, Merced County Superior Court is not a proper defendant.

  2. *Merced County*

Insofar as Plaintiff attempts to name Merced County as a Defendant, there are no clear, specific factual allegations against the County.

In any event, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. <u>Monell, 436 U.S. at 691</u>; <u>Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th Cir. 2008)</u> (a section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom); <u>Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003)</u>; <u>Gibson v. County of Washoe, 290 F.3d</u>

1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton v. Harris, 489 U.S. 378, 385 (1989). Plaintiff makes no such allegations in her complaint.

3.    *Judge Kirihara*

Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). Plaintiff complains about Judge Kirihara's determination related to her vexatious litigant status and the requirement that she obtain leave of court before filing documents. These claims are not sufficient to prevent the application of judicial immunity. "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Insofar as Plaintiff makes other allegations related to Judge Kirihara, they appear to be fanciful, frivolous assertions in the context of her entire complaint.

Based on the facts alleged, Plaintiff cannot prevail on a Section 1983 claim and it appears granting leave to amend the complaint would be futile based on the fanciful nature of her allegations. Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to amend would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Accordingly, the Court recommends that the complaint be dismissed without leave to amend for failure to state a claim.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

1  These findings and recommendations will be submitted to the Honorable Anthony W.
2 Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
3 being served with these Findings and Recommendations, Plaintiff may file written objections
4 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
5 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
6 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
7 (9th Cir. 1991).

9  IT IS SO ORDERED.
10  Dated:   **July 14, 2009**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE